## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Hajjar Business Holdings, LLC,
et al.,

          *Plaintiffs*,

    v.

WFCM 2016-C34 Medical Office
Buildings NJ NY FL, LLC, and LNR
Partners, LLC,

          *Defendants*.

Civil Action No. 23-
01761(MEF)(JBC)


**OPINION and ORDER**

A group of real estate entities sued their lender and loan servicer in bankruptcy court, alleging they were interfering with a settlement agreement that was a key part of the real estate entities' 2022 bankruptcy plan.

The lender and loan servicer now move to withdraw the reference, and, if the motion is granted, for transfer to another District, where an assertedly related action is pending.

The motion to withdraw the reference is denied.

*     *     *

The background, as relevant here, follows.

During early 2020, certain real estate entities sought bankruptcy protection.  See Adversary Complaint ¶ 1 (Adversary Docket Entry 1).  Their debts included a 2016 loan they had not paid off.  See Joint Debtors' Disclosure Statement at 15-20

(Bankruptcy Docket Entry 926).

During 2022, the various parties to the loan reached a settlement agreement.  See generally Adversary Complaint, Ex. B, Forbearance Agreement.  The agreement required the real estate entities to make certain payments to their lender in connection with the 2016 loan.  The Bankruptcy Court confirmed the real estate entities' bankruptcy plan, based in part on the settlement agreement.  See generally Adversary Complaint, Ex. C, Order Confirming Plan.

The real estate entities allegedly did not make the settlement agreement payments they were obligated to, see Opposition to Order to Show Cause ¶¶ 31-33 (Adversary Docket Entry 9), and earlier this year they initiated an adversary proceeding before the Bankruptcy Court.

The alleged basis of the adversary proceeding: the real estate entities did not make their required payments, they say, because the lender improperly undermined their ability to do so --- in part by withholding important information and resources needed for selling and maintaining certain properties.  See Adversary Complaint ¶¶ 18-22, 28-58.

As noted, the defendants in the adversary proceeding, the lender and loan servicer, have now moved to withdraw this Court's reference to the Bankruptcy Court, and, if that motion is granted, to transfer this case to the Southern District of New York.  There is a pending action in that District brought by the lender against the guarantor of the 2016 loan.

This case was recently re-assigned to the undersigned, and the motion to withdraw is now before the Court.

*    *    *

Title 11 of the United States Code covers bankruptcy.  District Courts have "original and exclusive jurisdiction of all cases under [T]itle 11."  28 U.S.C. § 1334(a).  In exercising such jurisdiction, a "district court may provide that any or all cases under title 11 and any or all proceedings arising under [T]itle 11 or arising in or related to a case under [T]itle 11 shall be referred to the bankruptcy judges for the district."  28 U.S.C. § 157(a).  "The District of New Jersey has referred all proceedings arising under Title 11 to the bankruptcy court pursuant to a standing order of reference dated July 23, 1984." LTL Mgmt., LLC v. Those Parties Listed on Appendix A to

Complaint, 2022 WL 190673, at *3 (D.N.J. Jan. 21, 2022) (cleaned up).

A district court "may withdraw" the reference "for cause shown." 28 U.S.C. § 157(d); see generally In re Dwek, 2010 WL 2545174, at *2 (D.N.J. June 18, 2010).  If the reference is withdrawn, the district court hears the matter.  See 1 Collier on Bankruptcy ¶ 1.01 (16th ed. 2023).

When assessing a motion to withdraw the reference, "[w]hether the proceeding is core or non core to the pending bankruptcy case is a threshold factor."  In re Dwek, 2010 WL 2545174, at *4 (cleaned up); see LTL Mgmt., LLC, 2022 WL 190673, at *3; Karagjozi v. Bruck, 2017 WL 4155104, at *3 (D.N.J. Sept. 20, 2017); Liscinski v. Marasek, 2014 WL 1910083, at *1 (D.N.J. May 13, 2014); Perkins v. Verma, 2011 WL 5142937, at *4 (D.N.J. Oct. 27, 2011); In re Kara Homes, Inc., 2009 WL 2223035, at *1 (D.N.J. July 22, 2009); Certain Underwriters At Lloyd's of London v. Otlowski, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009); In re E. W. Trade Partners, Inc., 2007 WL 1213393, at *3 (D.N.J. Apr. 23, 2007).

A proceeding is "core" if, among other things, it invokes "a substantive right provided by [T]itle 11" or, "by its nature, could arise only in the context of a bankruptcy case."  Halper v. Halper, 164 F.3d 830, 836 (3d Cir. 1999).  Proceedings that do not meet the relevant test are "non-core," if they are nevertheless "related to" a bankruptcy case.  Id. at 837.

In the face of a motion to withdraw, some District Courts have denied the motion so the Bankruptcy Court can take the first crack at the core/non-core issue.[1]

---

[1]   See Liscinski, 2014 WL 1910083, at *1; Perkins, 2011 WL 5142937, at *4; In re Bayonne Med. Ctr., 2009 WL 3417596, at *3 (D.N.J. Oct. 20, 2009); In re Creekside Vineyards, Inc., 2009 WL 3378989, at *6-7 (E.D. Cal. Oct. 19, 2009); In re Kara Homes, Inc., 2009 WL 2223035, at *1; Certain Underwriters at Lloyd's of London, 2009 WL 234957, at *2; In re E. W. Trade Partners, Inc., 2007 WL 1213393, at *3; Off. Comm. of Unsecured Creditors of Verestar, Inc. v. Am. Tower Corp., 2005 WL 3455775, at *2 (S.D.N.Y. Dec. 15, 2005), on reconsideration, 2006 WL 763054 (S.D.N.Y. Mar. 23, 2006); In re Enron Corp., 2004 WL 2149124, at *3 (S.D.N.Y. Sept. 23, 2004); Gen. Elec. Cap. Corp. v. Teo, 2001 WL 1715777, at *6 (D.N.J. Dec. 14, 2001); In re 610 W. 142 Owners Corp., 1997 WL 317019, at *4 (S.D.N.Y. June 10, 1997); Sibarium v. NCNB Texas Nat. Bank, 107 B.R. 108, 115 (N.D. Tex.

One reason why: a statute that reads "[t]he bankruptcy judge shall determine . . . whether a proceeding is a core proceeding."[2]  28 U.S.C. § 157(b)(3) (emphasis added).

Another reason: in some cases, the core/non-core question may turn on facts the Bankruptcy Court is closer to, such that it makes sense for the Bankruptcy Court to weigh in first.[3]

Other District Courts have gone a different way.  On a motion to withdraw the reference, they have themselves taken the first cut at the core/non-core issue and have reached the merits of the motion.[4]

---

1989); In re Friedberg, 87 B.R. 3, 6 (S.D.N.Y. 1988); see also Karagjozi, 2017 WL 4155104, at *3; Drs. Assocs., Inc. v. Desai, 2010 WL 3326726, at *5 (D.N.J. Aug. 23, 2010); cf. Thomason Auto Grp., LLC v. China Am. Co-op. Auto., Inc., 2009 WL 512195, at *5 (D.N.J. Feb. 27, 2009); In re Chet Decker, Inc., 2006 WL 3019663, at *4 (D.N.J. Oct. 23, 2006).

[2]   For decisions resting at least in part on this basis, see In re Kara Homes, Inc., 2009 WL 2223035, at *1; In re E. W. Trade Partners, Inc., 2007 WL 1213393, at *3; Off. Comm. of Unsecured Creditors of Verestar, Inc., 2005 WL 3455775, at *2; In re Enron Corp., 2004 WL 2149124, at *3; Gen. Elec. Cap. Corp., 2001 WL 1715777, at *6; Sibarium v. NCNB Texas Nat. Bank, 107 B.R. at 115 (N.D. Tex. 1989); see also Karagjozi, 2017 WL 4155104, at *3; Drs. Assocs., Inc., 2010 WL 3326726, at *5; In re Lender's Decision, Inc., 1997 WL 665478, at *3 (N.D. Ill. Oct. 23, 1997).

[3]   For decisions resting at least in part on this basis, see In re Bayonne Med. Ctr., 2009 WL 3417596, at *3; In re Creekside Vineyards, Inc., 2009 WL 3378989, at *6-7; In re 610 W. 142 Owners Corp., 1997 WL 317019, at *4; In re Friedberg, 87 B.R. at 6; cf. Thomason Auto Grp., LLC, 2009 WL 512195, at *5; In re Chet Decker, Inc., 2006 WL 3019663, at *4.

[4]   See LTL Mgmt., LLC, 2022 WL 190673, at *3; In re GEO Specialty Chemicals, Inc., 2017 WL 66387, at *2 (D.N.J. Jan. 5, 2017); In re Cmty. Mem'l Hosp., 532 B.R. 898, 903 (E.D. Mich. 2015); In re Emoral, Inc., 2015 WL 510238, at *1 (D.N.J. Feb. 5, 2015); Innovasystems, Inc. v. Proveris Sci. Corp., 2013 WL 5539288, at *4 (D.N.J. Oct. 7, 2013); In re U.S. Mortg. Corp., 2012 WL 1372284, at *3 (D.N.J. Apr. 19, 2012); DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co., 464 B.R. 587, 590-91 (S.D.N.Y. 2012); Shalom Torah Ctrs. v. Phila. Indem. Ins. Companies, 2011 WL 1322295, at *2 (D.N.J. Mar. 31, 2011); In re

Why has this second group of District Courts not involved the Bankruptcy Court?

First, it is said, because the statute quoted above, 28 U.S.C. § 157(b)(3), does not require the Bankruptcy Court to go first.[5]

And second, to save time --- both the parties',[6] and the courts'.[7]  Why involve the Bankruptcy Court in the core/non-core decision if the matter is likely, anyway, to head back to the District Court, after the Bankruptcy Court has ruled?[8]

\* \* \*

Appleseed's Intermediate Holdings, LLC, 2011 WL 6293251, at \*2, n.5 (D. Del. Dec. 15, 2011); In re Nickels Midway Pier, L.L.C., 2010 WL 415328, at \*4, n.3 (D.N.J. Jan. 28, 2010); In re Nw. Airlines Corp., 384 B.R. 51, 57 (S.D.N.Y. 2008); In re The VWE Grp., Inc., 359 B.R. 441, 447 (S.D.N.Y. 2007); In re Int'l Benefits Grp., Inc., 2006 WL 2417297, at \*3 (D.N.J. Aug. 21, 2006); In re FMI Forwarding Co., Inc., 2004 WL 1348956, at \*6 (S.D.N.Y. June 16, 2004); In re G-I Holdings, Inc., 295 B.R. 211, 217 (D.N.J. 2003); In re Keene Corp., 182 B.R. 379, 383 (S.D.N.Y. 1995); In re CIS Corp., 172 B.R. 748, 755 (S.D.N.Y. 1994); In re Sys. Freight, Inc., 1991 WL 33150, at \*4, n.2 (D.N.J. Mar. 6, 1991); Interconnect Tel. Servs., Inc. v. Farren, 59 B.R. 397, 401, n.2 (S.D.N.Y. 1986); Harley Hotels, Inc. v. Rain's Int'l Ltd., 57 B.R. 773, 776 (M.D. Pa. Nov. 15, 1985); cf. In re Mullarkey, 536 F.3d 215, 221 (3d Cir. 2008).

[5]  In re Cmty. Mem'l Hosp., 532 B.R. at 903; Innovasystems, Inc., 2013 WL 5539288, at \*4; DeWitt Rehab. & Nursing Ctr., Inc., 464 B.R. at 590-91; In re Nw. Airlines Corp., 384 B.R. at 57; In re The VWE Grp., Inc., 359 B.R. at 447; In re Keene Corp., 182 B.R. at 383; In re CIS Corp., 172 B.R. at 755; Interconnect Tel. Servs., Inc., 59 B.R. at 401, n.2; Harley Hotels, Inc., 57 B.R. at 776.

[6]  See Shalom Torah Ctrs., 2011 WL 1322295, at \*2-3, n.4; Harley Hotels, Inc., 57 B.R.at 783; cf. Mullin, 875 F.3d at 157; United States v. Claxton, 729, 766 F.3d 280, 291 (3d Cir. 2014).

[7]  Cf. Mullin v. Balicki, 875 F.3d 140, 150 (3d Cir. 2017).

[8]  See Innovasystems, Inc., 2013 WL 5539288, at \*4; In re Nw. Airlines Corp., 384 B.R. at 57; In re FMI Forwarding Co., Inc., 2004 WL 1348956, at \*6.

In this case, consideration of the "threshold" core/non-core issue appears to run through issues that were long before the Bankruptcy Court and that the Bankruptcy Court is likely closely familiar with.

First, the adversary proceeding is about an alleged effort to undermine the above-referenced 2022 settlement agreement.  See generally Adversary Complaint ¶¶ 20-97.  In turn, the settlement agreement resolved debts that were at the heart of years-long bankruptcy proceedings.  See Adversary Complaint ¶¶ 11-18.  And the settlement agreement was both an "integral" part of the Bankruptcy Court's confirmation of the Plaintiffs' bankruptcy plan, Adversary Complaint, Ex. C, Order Confirming Plan at 19, and "approved by the [bankruptcy] court."  Motion to Withdraw, Ex. 3, Order to Show Cause Hearing Transcript at 52.

Second, the Plaintiffs allege that violations of the settlement agreement are, in essence, an effort to "frustrate[] . . . the debtors' [bankruptcy] [p]lan."  Motion to Withdraw, Ex. 7 at 3. This may or may not be accurate.  But whether it is may shed some light on the core/non-core question.[9]  And determining whether it is requires a close understanding of the bankruptcy proceedings that have unfolded since 2020.  The Bankruptcy Court is of course more familiar with those.

Third and finally, the parties disagree as to whether resolution of the adversary proceeding is likely to impact the ability of other creditors to collect from debtors under the bankruptcy plan.  Compare Motion to Withdraw, Ex. 7 at 3 (yes) with Motion to Withdraw Reply at 8-9 (no).  Resolving this disagreement could at least potentially have an impact on the question of whether this is a core or non-core proceeding.[10]  And doing so

---

[9]  See Gray v. CPF Assocs. LLC, 614 B.R. 96, 104-105 (D. Ariz. 2020) (collecting cases); In re Cano, 410 B.R. 506, 547-49 (Bankr. S.D. Tex. 2009); cf. In re Essar Steel Minnesota, LLC, 47 F.4th 193, 199 (3d Cir. 2022); Matter of Martinez, 2000 WL 34508398, at *1 (5th Cir. Oct. 5, 2000).

[10]  See In re DPH Holdings Corp., 437 B.R. 88, 96 (S.D.N.Y. 2010), aff'd, 448 F. App'x 134 (2d Cir. 2011); In re Joe Gibson's Auto World, Inc., 416 B.R. 469, 476 (Bankr. D.S.C. 2009); In re TJN, Inc., 207 B.R. 502, 509 (Bankr. D.S.C. 1996); cf. In re U.S. Lines, Inc., 197 F.3d 631, 638-39 (2d Cir. 1999) (claims are core where, in part, the subject of the suit is "the most important asset of" the debtors' estate and "represent the only potential source of cash available to [a] group of creditors"); In re PSINet, Inc., 271 B.R. 1, 30 (Bankr. S.D.N.Y.

depends on information the Bankruptcy Court is likely already conversant in, including about how a certain loan guarantee operates here, and the nature of the relationship between particular corporate entities on the debtors' side of the ledger.

Examples could be multiplied, but that is not necessary.  The point is only this: resolving the motion to withdraw the reference depends on the "threshold" core/non-core question, and answering that question depends on facts the Bankruptcy Court is close to, by virtue of its having overseen the bankruptcy proceedings for a number of years.

Given the above, the Court will deny the motion to withdraw the reference, so the Bankruptcy Court can set out its views on the legal and factual aspects of the core/non-core question.[11]

Proceeding in this way may take more time.  But maybe not.  The Bankruptcy Court will be able to more rapidly address the case-specific issues it is already closely familiar with.  And when and if this case comes back before it, this Court will be able to look to the Bankruptcy Court's work.  Moreover, it bears noting that the Bankruptcy Court has handled this complex matter with admirable expedition.  There is every reason to believe it will continue to do so.

                         *     *     *

The Defendants' motion is denied.  This is without prejudice to the motion being renewed after the Bankruptcy Court determines whether, in its view, this is a core or non-core matter.

IT IS on this 15th day of August, 2023, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

2001).

[11]   Given this conclusion, the Court does not need to assess whether 28 U.S.C. § 157(b)(3) requires the Bankruptcy Court to always make the core/non-core determination in the first instance.